HON. FRANK J. RYAN Town Attorney, Cortlandt
This is in response to your letter received May 27, 1977, wherein you request an opinion of the Attorney General whether or not the appointive Town Comptroller of the Town of Cortlandt may be a candidate for the office of Town Supervisor. The incumbent Town Supervisor is also a candidate for re-election,
Pursuant to provisions of Town Law, § 34 (2) and Town Code of the (Town of Cortlandt, chapter 26, section 26-2B7), inter alia, the Town Comptroller is mandated to furnish the Town Supervisor such information and data as said Supervisor may require for the purpose of enabling him to exercise his powers and perform his duties and make reports as required by law. Pursuant to provisions of Town Code of the Town of Cortlandt, chapter 26, section 26-2B(8), the Town Comptroller is mandated to perform all accounting duties of the Town Supervisor.
We find no statutory prohibition whereby a town comptroller is proscribed from running for office against an incumbent town supervisor who is seeking re-election. However, we call to your attention the case ofPeople ex rel. Ryan v. Green 58 N.Y. 295 (1874), a landmark case on the subject of incompatibility of offices, which states in part:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must per se, have the right to interfere, one with the other, before they are incompatible at common law.* * *" (Emphasis supplied.)
We fully realize that a candidacy for public office is not an office. Necessarily, therefore, a conflict, per se, would not arise, if the Town Comptroller of the Town of Cortlandt were to run for the office of Town Supervisor against the incumbent Town Supervisor who is seeking re-election, but of course, if he failed to properly perform his duties as Town Comptroller while a candidate for Town Supervisor such failure might serve as grounds for his removal as Town Comptroller.